(No. 86-CC-0230–■)

VERA IRENE McGRAW, Claimant, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF TRANSPORTATION, Respondent.

*Opinion filed August 6, 1986.*

LAWRENCE BRUCKNER, for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident which occurred on December 13, 1983, at the State of Illinois Department of Transportation headquarters in Dixon, Illinois.

On that date the Red Cross set up its bloodmobile in the assembly room of the Department headquarters for the benefit of the Transportation employees and others who desired to donate blood.

On the morning of December 13, 1983, at about 10 a.m., Claimant drove into the employees' parking lot at the north end of the Department of Transportation complex and parked her car. Claimant came as a volunteer to help prepare lunch for those who had donated blood. It had rained the night before and the temperature was in the low thirties.

Claimant entered the building at the north door and walked down the corridor to the assembly room where she found the bloodmobile. She intended to return to her car to bring in the groceries for the donors' lunch.

As Claimant started for her car, a man who also was a volunteer for the Red Cross offered to go with her to carry the groceries. Claimant testified she started to retrace her steps and started to walk in the same direction as she came when the other volunteer said, "You're going the long way. I'll show you a short cut." She further testified that from then on "I was in his hands, and went with him as he seemed to know where he was going."

Unfortunately, he did not know where he was going and they walked in the exact opposite direction from the direction they should have taken and exited the building at its far southwest corner.

The Department of Transportation had posted signs both inside and outside the building identifying the parking lot to be used by the volunteers and donors, and the portions of the building being set aside for Red Cross purposes. In walking in the direction which they did

Claimant and her friend ignored a sign in the corridor pointing in the opposite direction. They exited the building onto a concrete parking lot.

They were passing in front of a garage door when Claimant slipped on some ice and fell breaking her left arm.

Claimant testified that the surface was clear and that the ice was thin and very smooth. The sheet of ice was about three feet across.

As a result of the fall, Claimant was unable to accept a job as a cook.

James P. Wasilewski, a witness for Respondent, testified that he is the business services manager for the installation and is responsible for the maintenance of the office, including snow and ice removal around the facility. He testified that he made detailed preparations both inside and outside the building to insure the safety of persons using the parking lot and the part of the building reserved for volunteers and blood donors. He did not anticipate that anyone involved in the blood program would find their way into the southwest corner of the building. After the accident, Wasilewski did inspect the area where Claimant had fallen and found only dampness on the pavement.

The State is not an insurer of the safety of invitees, but must only exercise reasonable care for the safety of invitees.

The burden is upon the Claimant to prove by a preponderance of the evidence that the State breached its duty of reasonable care. This Claimant has failed to do.

We find that the Claimant has not shown by a preponderance of the evidence that the Respondent was negligent, and therefore this claim is denied.